UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DOMINO RECORDING COMPANY, INC., and :
INDEPENDIENTE LTD.,
: Case No. 09 Civ 08400 (GBD)
           Plaintiffs,
:
    v.
:
INTERSCOPE GEFFEN A&M RECORDS, a
division of UMG RECORDINGS, INC., WILLIAM :
B. ROSE, professionally known as AXL ROSE,
BRIAN P. CARROLL, RON THAL, PAUL HUGE,:
ROBIN FINCK, BRYAN MANTIA, THOMAS
E. STINSON and DARREN A. REED, :
professionally known as GUNS 'N ROSES, and
CHRISTOPHER PITMAN, :

           Defendants. :
-----------------------------------------------------------X

# DEFENDANT INTERSCOPE GEFFEN A&M RECORDS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Interscope Geffen A&M Records, a division of UMG Recordings, Inc. ("Interscope") submits this memorandum of law in support of its motion to dismiss the Complaint[1] of plaintiffs Domino Recording Company, Inc. and Independiente, Ltd. (collectively, "Plaintiffs") pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiffs' Complaint fails to comply with the most basic pleading standards under Federal Rule of Civil Procedure 8(a). Indeed, the Complaint is completely devoid of fundamental factual allegations and fails to allege the necessary elements of a copyright infringement claim. Plaintiffs simply claim to be the owners of the exclusive rights to manufacture, distribute, license and otherwise commercially exploit two sound recordings entitled "Wherever You Are" and "A Strangely Isolated Place" (collectively, the "Plaintiffs' Sound Recordings") and allege, in the most conclusory fashion, that Interscope and others have infringed Plaintiffs' copyright in the Sound Recordings by exploiting the sound recording entitled "Riad 'N the Bedouins," which is contained on the album entitled "Chinese Democracy" (the "Album").

These bare allegations do not suffice to allege the essential elements of their copyright infringement claim. For example, Plaintiffs do not allege a factual foundation for their claim of ownership of the Plaintiffs' Sound Recordings. Further, they fail to allege that Defendants had "access" to Plaintiffs' Sound Recordings. Additionally, Plaintiffs do not allege that "Riad 'N the Bedouins" is "substantially similar" to Plaintiffs' Sound Recordings. In light of these glaring deficiencies, Plaintiffs' copyright infringement claim must fail and the Court should dismiss all

---

[1] A true and correct copy of the Complaint is annexed as Exhibit A ("Ex. A") to the accompanying affirmation of Andrew H. Bart dated January 29, 2010.

of Plaintiffs' claims pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS[2]

The Complaint alleges that Ulrich Schnaus, a musical performer and artist, "authored" Plaintiffs' Sound Recordings. Compl. at ¶ 18. However, Plaintiffs shed no light on the nature of Schnaus's authorship and his original rights in Plaintiffs' Sound Recordings. Plaintiffs next allege that, by virtue of certain unspecified written agreements among unspecified parties (notably, Schnaus is unnamed), they are the owners of the exclusive rights to manufacture, distribute, license and otherwise commercially exploit Plaintiffs' Sound Recordings, and that they were issued Copyright Registrations for the Plaintiffs' Sound Recordings with effective dates of May 11, 2009. Compl. at ¶¶ 19-20.

With regard to the alleged infringing activity, Plaintiffs merely allege that, on November 23, 2008, Defendants placed the Album "into the marketplace" and that the Album "embodies unauthorized copies, and/or derivative works based upon, the Sound Recordings, as embodied in Track 9 of the Album entitled 'Riad 'N the Bedouins.'" Compl. at ¶¶ 23-24. Further, Plaintiffs contend that: (i) the Album and "Riad 'N the Bedouins" were produced, manufactured, reproduced, distributed, sold and/or released by Defendants on the Geffen record label; (ii) each Defendant participated in and contributed to the creation, production, manufacture and/or distribution of the Album and "Riad 'N the Bedouins;" and (iii) each Defendant financially benefited from the creation, production, manufacture and/or distribution of the Album and "Riad 'N the Bedouins." Compl. at ¶¶ 25, 27-28.

---

[2] The Statement of Facts is premised upon the allegations in the Complaint and, solely for the purposes of this Motion, the allegations in the Complaint are presumed to be true.

3

# ARGUMENT

## I. STANDARD OF REVIEW OF A MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)

In accordance with Rule 8(a)(2), a copyright infringement claim must allege (1) the specific original works that are the subject of the copyright claim; (2) that plaintiff owns the copyrights in those works; (3) that the copyrights at issue have been registered in accordance with the Copyright Act; and (4) the specific acts by which the defendant allegedly infringed the copyright. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992). Broad, sweeping allegations of infringement do not comply with Rule 8." *Id.* at 36 n.3 (citation omitted); *Marvullo v. Gruner & Jahr*, 105 F. Supp.2d 225, 230 (S.D.N.Y. 2000), *Reid v. American Society of Composers, Authors and Publishers*, 1994 U.S. Dist. LEXIS 21510, 1994 WL 3409, at **1-2 (S.D.N.Y. Jan. 5, 1994) (Kram, J.) (dismissing claim pursuant to Rule 8(a)(2) where plaintiff failed to allege by what acts defendant infringed copyright).

With this existing jurisprudence on the pleading of copyright infringement claims already in place, in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court expounded on the overall pleading requirements of Rule 8:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly*, 550 U.S. 544, [555,] 127 S. Ct. 1955 [(2007)] . . . , the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Id.* at 1949 (internal citations omitted); *see also Poon v. Roomorama, LLC*, 2009 U.S. Dist. LEXIS 104829 (S.D.N.Y. Nov. 10, 2009); *Roberts v. Keith*, 2009 U.S. Dist. LEXIS

101412 (S.D.N.Y. Oct. 23, 2009). Indeed, a complaint based on such allegations permits no more than an inference of the mere possibility of misconduct and should not survive a motion to dismiss. *See, e.g., Iqbal*, 129 S. Ct. at 1950.

Although a Court must assume that the factual allegations of a complaint are true when considering a motion to dismiss, a Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *see also Walker*, 2009 WL 2343614, at *5. Bare assertions amounting to no more than a "formulaic recitation of the elements" of a claim are conclusory, and are not entitled to the presumption of truth. *Iqbal*, 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 555); *see also Roberts v. Keith*, 2009 U.S. Dist. LEXIS 101412 (S.D.N.Y. Oct. 23, 2009).

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570); *see also Roberts v. Keith*, 2009 U.S. Dist. LEXIS 101412 (S.D.N.Y. Oct. 23, 2009). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (emphasis added); *see also Roberts v. Keith*, 2009 U.S. Dist. LEXIS 101412 (S.D.N.Y. Oct. 23, 2009) (dismissing claim on 12(b)(6) motion where the compliant lacked factual content and therefore did not cross the line from "conceivable to plausible"); *Energy Intelligence Group v. UBS Fin. Servs.*, 2009 U.S. Dist. LEXIS 48495 (S.D.N.Y. May 22, 2009).

A claim that fails to satisfy the above bedrock pleading requirements should be dismissed on a Rule 12(b)(6) motion. Such a complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950. Indeed, "[i]t is

no answer to say that a claim just shy of plausible entitlement to relief can, if groundless, be weeded out early in the discovery process . . . [a]nd it is self evident that the problem of discovery abuse cannot be solved by careful scrutiny of evidence at the summary judgment stage, much less lucid instructions to juries." *Twombly*, 550 U.S. at 559 (internal citations and quotations omitted).

## II. PLAINTIFFS FAIL TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

Plaintiffs have failed to plead a cognizable claim for copyright infringement under the foregoing strict standards. Indeed, Plaintiffs fail even to allege the basic, requisite elements of such a claim (although that alone would be insufficient), and instead allege only the bare-bones legal conclusion that the Album "embodies unauthorized copies and/or derivative works based upon, the [Plaintiffs'] Sound Recordings, as embodied in ['Riad 'N the Bedouins']." Compl. at ¶ 24.

To state a prima facie case for copyright infringement, Plaintiffs must allege (1) that they own a valid copyright and (2) that the Defendants copied protected elements of that copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Tufenkian Import/Export Ventures, Inc v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003) (quoting *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*, 150 F.3d 132, 137 (2d Cir. 1998); *Shine v. Childs*, 04 Civ 8828, 2005 U.S. Dist. LEXIS, at *25 (S.D.N.Y. Aug. 4, 2005); *Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir. 1992); *Laureyssens v. Idea Group, Inc.*, 964 F.2d 131, 139 (2d Cir. 1992); *see also M.H. Segan Ltd. Partnership v. Hasbro, Inc.*, 924 F. Supp. 512, 518 (S.D.N.Y. 1996). Plaintiffs have not even adequately alleged these two most basic things.

As a preliminary matter, Plaintiffs fail to sufficiently allege ownership of the Plaintiffs' Sound Recordings. Plaintiffs merely allege that Schnaus is the "author" of Plaintiffs' Sound

Recordings. However, it is unclear what Plaintiffs mean by stating that Schnaus "authored" Plaintiffs' Sound Recordings. Further, Plaintiffs fail to allege to whom Schnaus, as the "author" of Plaintiffs' Sound Recordings, transferred his rights nor do they allege from whom Plaintiffs allegedly obtained the rights to Plaintiffs' Sound Recordings.

Further, in order to establish the second element of a copyright infringement claim, a plaintiff must show (1) actual copying, and (2) unlawful appropriation. *Laureyssens v. Idea Group, Inc.*, 964 F.2d at 139-40; *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*, 150 F.3d 132, 137 (2d Cir. 1998); *Arden v. Columbia Pictures Indus.*, 908 F. Supp. 1248, 1257 (S.D.N.Y. 1995); *Denker v. Uhry*, 820 F. Supp. 722, 728 (S.D.N.Y. 1992), aff'd, 996 F.2d 301 (2d Cir. 1993). A plaintiff alleging copyright infringement can establish actual copying by offering factual allegations showing direct evidence of copying. *Id.* Without direct evidence of copying, a plaintiff may establish copying circumstantially by demonstrating that the person who composed the defendant's work had access to the copyrighted material, and that there are similarities between the two works that are probative of copying. *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (citation omitted); *Arden v. Columbia Pictures, Indus.*, 908 F. Supp. at 1257; *see also Tienshan, Inc. v. C.C.A. Int'l (N.J.), Inc.*, 895 F. Supp. 651, 656 (S.D.N.Y. 1995). Similarities between the works are "probative" if, "under all the circumstances, [they] make independent creation unlikely." *Laureyssens v. Idea Group, Inc.*, 964 F.2d 131, 140 (2d Cir. 1992) (citation omitted).

First, Plaintiffs provide no factual allegations to establish a claim of direct copying of protected elements of their alleged copyrighted work. In fact, they do not bother to allege what specific aspects of Plaintiffs' Sound Recordings were allegedly "copied" (*e.g.*, a drum beat, a guitar riff, or other musical accompaniment). Instead, they merely allege, in a wholly conclusory

7

fashion, that the Album simply embodies "unauthorized copies and/or derivative works based upon" Plaintiffs' Sound Recordings as embodied in "Riad 'N the Bedouins." Compl. at ¶ 24.

Second, the Complaint contains no facts establishing even circumstantially that any of the creators of "Riad 'N the Bedouins" heard, or otherwise had access to, Plaintiffs' Sound Recordings before creating "Riad 'N the Bedouins." A copyright plaintiff must demonstrate access to the allegedly infringed work by the creators of the allegedly infringing work. *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (citation omitted)

Indeed, in *Adams v. Warner Bros. Pictures Network*, 2007 U.S. Dist. LEXIS 47448 (E.D.N.Y. June 27, 2007, the court granted defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) where, *inter alia,* the complaint contained no allegations that defendant had access to Plaintiff's work.

Here, Plaintiffs do not allege or plead any facts to show that Plaintiffs' Sound Recordings were submitted to or played for any of the creators of "Riad 'N the Bedouins" or to Interscope or any of Defendants or anyone affiliated with Interscope or Defendants. Nor does the Complaint provide any other factual basis to demonstrate how any of the creators of "Riad 'N the Bedouins" would have had "access" to Plaintiffs' work. Further, Plaintiffs never allege that Plaintiffs' Sound Recordings were ever publicly available. Accordingly, since the Complaint does not set forth any factual allegations on an essential element of a copyright infringement claim – access – Count I (the sole count) of the Complaint should be dismissed.

Third, the Complaint fails to allege specific and protectable aspects of Plaintiffs' Sound Recordings that are purportedly substantially similar to "Riad 'N the Bedouins." Rather, the pleading contains only the most conclusory statements that "Riad 'N the Bedouins" somehow "embodies unauthorized copies, and/or derivative works based upon, the Sound Recordings."

8

Compl. at ¶ 24. Thus, the Complaint fails to provide the Defendants with any idea – let alone the requisite "fair notice" – of how Plaintiffs' Sound Recordings and "Riad 'N the Bedouins" might be related. *See, e.g., Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (explaining that a complaint must provide a defendant with "fair notice of what the …claim is and the grounds upon which it rests"); *see also Martinez v. McGraw*, 2009 WL 2447611, at *6 (M.D. Tenn. Aug. 10, 2009) (dismissing claim on 12(b)(6) motion where complaint failed to plead facts demonstrating substantial similarity; right to relief did not rise above speculative level).

Simply put, Plaintiffs' Complaint impermissibly alleges no "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Indeed, the Complaint relies solely on the type of "unadorned, the-defendant-unlawfully-harmed me" accusations that the Supreme Court's recent decisions in *Iqbal* and *Twombly* decisively establish are plainly disallowed. *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 555. Accordingly, the Complaint should be dismissed.

## CONCLUSION

Based on the foregoing and pursuant to Fed. R. Civ. P. 12(b)(6), defendant Interscope Geffen A&M Records, a division of UMG Recordings, Inc., respectfully requests that this Court grant the instant motion and dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

Dated: New York, New York
January 29, 2010

JENNER & BLOCK LLP

By: /s/ Andrew H. Bart

Andrew H. Bart
Carletta F. Higginson
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

*Attorneys for Defendant Interscope Geffen A&M Records, a division of UMG Recordings, Inc.*

# CERTIFICATE OF SERVICE

Carletta F. Higginson, an attorney, hereby certifies and/or states on oath that on this 29th day of January, 2010 the preceding Memorandum of Law in Support of It's Motion to Dismiss was served on behalf of Defendants Interscope Geffen A&M Records, a division of UMG Recordings, Inc. via this Court's Electronic Case Filing system on the following counsel of record:

>BRIAN D. CAPLAN, Esq.
>JONATHAN J. ROSS, Esq.
>Caplan & Ross, LLP
>100 Park Avenue, 18th Floor
>New York, New York 10017

>s/ Carletta F. Higginson
>Carletta F. Higginson

30510.1