UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOMINO RECORDING COMPANY, INC., and :
INDEPENDIENTE LTD.,
                                                    :    Case No. 09 Civ 08400 (GBD)
          Plaintiffs,
                                                    :

        v.

                                                      :    **DECLARATION OF**
INTERSCOPE GEFFEN A&M RECORDS, a        **ANDREW H. BART**
division of UMG RECORDINGS, INC., WILLIAM:
B. ROSE, professionally known as AXL ROSE,
BRIAN P. CARROLL, RON THAL, PAUL HUGE,:
ROBIN FINCK, BRYAN MANTIA, THOMAS
E. STINSON and DARREN A. REED,               :
professionally known as GUNS 'N ROSES, and
CHRISTOPHER PITMAN,                               :

                       Defendants.       :
------------------------------------------------------------X

       Andrew H. Bart declares, pursuant to 28 U.S.C. § 1746, as follows:

       1.     I am a partner in the law firm of Jenner & Block LLP, counsel for defendant Interscope Geffen A&M Records, a division of UMG Recordings, Inc., and respectfully present this declaration to submit to the Court the complaint brought by plaintiffs Domino Recording Company, Inc. and Independiente, Ltd. ("Plaintiffs"), dated October 2, 2009 (the "Complaint"). A copy of the Complaint is submitted herewith as Exhibit A.

       2.     The Complaint provides the foundation for Interscope's motion for an Order pursuant to Rules 8(a)(2) and 12(b)(6) dismissing the Complaint on the grounds that it fails to state a claim upon which relief can be granted.

       I declare under penalty of perjury that the foregoing is true and correct.

30440

Executed on: January 29, 2010

_____
Andrew H. Bart

30440

# EXHIBIT A



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
DOMINO RECORDING COMPANY, INC., and
INDEPENDIENTE LTD.,

                Plaintiffs,

-against-

INTERSCOPE GEFFEN A & M RECORDS, a division of
UMG RECORDINGS, INC., WILLIAM. B. ROSE,
professionally known as AXL ROSE, BRIAN P.
CARROLL, RON THAL, PAUL HUGE, ROBIN FINCK,
BRYAN MANTIA, THOMAS E. STINSON and
DARREN A. REED, professionally known as GUNS 'N
ROSES, and CHRISTOPHER PITMAN,

                Defendants.
---------------------------------------- X

Civil Action No.

**COMPLAINT**

Plaintiff Demands
A Trial By Jury

Plaintiffs Domino Recording Company, Inc. and Independiente Ltd., by their attorneys, Caplan & Ross, LLP, for their Complaint against the Defendants herein, alleges as follows:

## SUMMARY OF ACTION

1. This is a copyright infringement action brought by Plaintiffs against all Defendants to redress Defendants' unauthorized use of two sound recordings owned and controlled by Plaintiffs in the creation, production, manufacture, distribution, and commercial exploitation of a sound recording entitled "Riad 'N the Bedouins," performed and recorded by the recording artist p/k/a Guns 'N Roses, and included on an Album entitled, "Chinese Democracy".

## THE PARTIES

2. Plaintiff Domino Recording Company, Inc. ("Domino") is a corporation organized and existing under the laws of New York with its principal place of business located at 55 Washington Street, Suite 458, Brooklyn, New York 11201.

3. Plaintiff Independiente Ltd. ("Independiente") is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business located at 3 Heathfield Terrace, London, United Kingdom.

4. Upon information and belief, Defendant Interscope Geffen A & M Records ("Geffen") is a division of UMG Recordings, Inc., a Delaware corporation with a place of business in New York and which regularly and systematically transacts business in the State of New York. Upon information and belief, at all times relevant herein, Geffen was and continues to be engaged in the business of producing, manufacturing, distributing, selling and otherwise commercially exploiting recorded versions of music performances.

5. Upon information and belief, William B. Rose, professionally known as "Axl Rose" (hereinafter "Rose"), is a citizen and resident of the State of California. At all relevant times herein, Rose was a founding member of Guns 'N Roses and was and continues to be a recording artist and musician.

6. Upon information and belief, Brian P. Carroll, professionally known as "Buckethead" (hereinafter "Carroll"), is a citizen and resident of the State of California. At all relevant times herein, Carroll was and continues to be a recording artist and musician.

7. Upon information and belief, Brian Thal, professionally known as "Bumblefoot" (hereinafter "Thal"), is a citizen and resident of the State of New York. At all relevant times herein, Thal was and continues to be a recording artist and musician.

8. Upon information and belief, Paul Huge, professionally known as "Paul Tobias" (hereinafter "Huge"), is a citizen and resident of the State of California. At all relevant times herein, Huge was and continues to be a recording artist and musician.

9. Upon information and belief, Robin Finck (hereinafter "Finck") is a citizen and resident of the State of California. At all relevant times herein, Finck was and continues to be a recording artist and musician.

10. Upon information and belief, Bryan Mantia, professionally known as "Brain" (hereinafter "Mantia"), is a citizen and resident of the State of California. At all relevant times herein, Mantia was and continues to be a recording artist and musician.

11. Upon information and belief, Thomas E. Stinson (hereinafter "Stinson") is a citizen and resident of the State of California. At all relevant times herein, Stinson was and continues to be a recording artist and musician.

12. Upon information and belief, Darren A. Reed, professionally known as "Dizzy Reed" (hereafter "Reed"), is a citizen and resident of the State of California. At all relevant times herein, Reed was and continues to be a recording artist and musician.

13. At all relevant times herein, Defendants Rose, Carroll, Thal, Huge, Finck, Mantia, Stinson and Reed recorded music as members of the musical group professionally known as Guns 'N Roses, and participated in, contributed to, and financially benefited from the production, release and commercial exploitation of the album entitled "Chinese Democracy".

14. Upon information and belief, Christopher Pitman ("Pitman") is a citizen and resident of the State of California. At all relevant times herein, Pitman was and continues to be a producer of sound recordings.

15. At all relevant times herein, Pitman participated in, contributed to, and financially benefited from, the production, release and commercial exploitation of the album entitled "Chinese Democracy".

## JURISDICTION AND VENUE

16. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

17. The venue of this action is properly laid in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 in that a substantial part of the events giving rise to the claims herein occurred in the Southern District of New York and at the time of the commencement of this action, Defendants are subject to personal jurisdiction in the Southern District of New York.

## BACKGROUND

18. Ulrich Schnauss ("Schnauss"), a musical performer and recording artist, is the author of two sound recordings entitled "Wherever You Are" ("Wherever") and "A Strangely Isolated Place" ("Isolated"). ("Wherever" and "Isolated" are sometimes hereinafter collectively referred to as the "Sound Recordings").

19. By virtue of written agreements, Domino is the owner of the exclusive rights to manufacture, distribute, license and otherwise commercially exploit the Sound Recordings throughout North America, and Independiente is the owner of the exclusive rights to manufacture, distribute, license and otherwise commercially exploit the Sound Recordings throughout the world other than the territory of North America.

20. Domino filed applications for copyright registration in the Sound Recordings with the U.S. Copyright Office, which duly issued Certificates of Registration therefor, bearing Registration Numbers SR 623-896, and SR 623-897, respectively, both with effective dates of registration of May 11, 2009. True and correct copies of the Certificates of Registration issued by the U.S. Copyright Office are annexed hereto as collective Exhibit 1.

21. The copyrights in the Sound Recordings are currently valid and subsisting.

22. At all times prior to the commencement of this action, Plaintiffs and their predecessors-in-interest, have fully complied with the statutory formalities governing copyrights with respect to the Sound Recordings.

23. Upon information and belief, on or around November 23, 2008 Defendants placed into the international marketplace, including the City, County, and State of New York, phonorecords, compact discs, audio-visual works and digital audio transmissions of the studio album entitled "Chinese Democracy", released on the Geffen record label (the "Infringing Album").

24. The Infringing Album embodies unauthorized copies, and/or derivative works based upon, the Sound Recordings, as embodied in Track 9 of the Infringing Album entitled "Riad 'N the Bedouins" (the "Infringing Recording").

25. The Infringing Recording and Infringing Album were produced, manufactured, reproduced, distributed, sold, and/or released by Defendants on the Geffen record label, and sales of the Infringing Recording and Infringing Album have taken place within this judicial district.

26. Upon information and belief, the Infringing Album has been certified "Platinum" by the Recording Industry Association of America, signifying sales of more than one million copies of the Infringing Album.

27. Upon information and belief, each Defendant has participated in and contributed to the creation, production, manufacture and/or distribution of the Infringing Recording and Infringing Album.

28. Upon information and belief, each Defendant has financially benefitted from the creation, production, manufacture and/or distribution of the Infringing Recording and Infringing Album.

29. Neither Plaintiff, nor any agent acting on their behalf, has licensed any rights in the Sound Recordings to any Defendant, or otherwise consented to Defendants' use of the Sound Recordings, in connection with either the Infringing Album or the Infringing Recording.

30. Defendants have infringed and continue to infringe Plaintiffs' copyrights in the Sound Recordings by producing, manufacturing, reproducing, distributing, selling, promoting, advertising, performing by means of digital audio transmission, and otherwise commercially exploiting the Infringing Recording and Infringing Album, and/or authorizing others to do the same, without Plaintiffs' authority or consent, in violation of 17 U.S.C. § 101 et seq.

31. By letter dated February 26, 2009, Plaintiffs, among other things, advised Geffen of their copyright ownership in the Sound Recordings and the unauthorized uses thereof in connection with the Infringing Album and Infringing Recording and demanded that Defendants cease and desist from any further infringing conduct. A copy of the February 26, 2009 letter is annexed hereto as Exhibit 2.

32. Upon information and belief, Geffen notified each of the other Defendants of Plaintiffs' claims set forth in the February 26, 2009 letter.

33. Defendants have failed and/or refused to comply with Plaintiffs' demands set forth in the February 26, 2009 letter, have continued to infringe Plaintiffs' copyrights in the

Sound Recordings, and, upon information and belief, will continue to infringe Plaintiffs' copyrights in the Sound Recordings unless enjoined by this Court.

34. Defendants' actions with respect to the release and commercial exploitation of the Infringing Recording and Infringing Album are wrongful and willful.

35. Plaintiffs have no adequate remedy of law.

**AS AND FOR A
FIRST CLAIM FOR RELIEF**
(Copyright Infringement)

36. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "35" above as if fully set forth herein.

37. Plaintiffs are the owners of valid and subsisting copyrights in the Sound Recordings.

38. All of Defendants' acts and omissions set forth above were performed without the permission, license, authority or consent of Plaintiffs.

39. Defendants' acts and omissions set forth above constitute acts of copyright infringement by Defendants of Plaintiffs' copyrights in the Sound Recordings.

40. Defendants' infringements are willful and intentional inasmuch as Defendants were or should have been aware, and had reason to believe, that their acts constituted infringements of Plaintiffs' copyrights.

41. As a result of the willful and intentional conduct hereinabove set forth, Plaintiffs are entitled to a permanent injunction prohibiting any further manufacture, sale, distribution, electronic transmission or other commercial exploitation of the Infringing Recording and Infringing Album or any other work which infringes upon the Sound Recordings.

42. By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial, of no less than one million ($1,000,000) dollars.

43. Plaintiffs have suffered and will continue to suffer irreparable harm and injury as a result of the aforesaid infringing acts of Defendants.

44. Plaintiffs have no adequate remedy of law.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A. That Defendants, their officers, agents, employees, and all persons acting in concert or participation with them, be preliminarily enjoined during the pendency of this action, and permanently thereafter, from copying, reproducing, distributing or otherwise infringing Plaintiffs' copyrights in the Sound Recordings in any manner, and from permitting, authorizing or causing others to do so;

B. That Defendants, jointly and severally, be required to pay Plaintiffs such damages as Plaintiffs have sustained in consequence of Defendants' infringements of said copyrights, and to account for and pay to Plaintiffs all gains, profits and advantages derived by Defendants from their infringements of Plaintiffs' copyrights, the total amount to be determined at a trial of this action, but in no event less than one million ($1,000,000) dollars, or such damages as to the Court shall appear proper within the provisions of the copyright statutes;

C. That Defendants be required to deliver up to be impounded during the pendency of this action all infringing phonorecords and other infringing material in their possession and/or under their control and to deliver up for destruction all infringing copies and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such infringing copies or phonographs may be produced;

D. That Plaintiffs be awarded their costs and disbursements incurred in prosecuting this action; and

E. That Plaintiffs be granted such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
October 2, 2009

CAPLAN & ROSS, LLP

By: _____
Brian D. Caplan
Jonathan J. Ross
Attorneys for Plaintiffs
100 Park Avenue, 18th Floor
New York, New York 10017
(212) 973-2376



...ued under the seal of the Copyright
... ...ce with title 17, *United States Code*,
... ...ation has been made for the work
... ...ices. The information on this certificate has
... ... a part of the Copyright Office records.

*Marybeth Peters*
Register of Copyrights, United States of America

Registration Number:

# SR 623-896

Effective date of registration:

May 11, 2009

## Title

**Title of Work:** Wherever You Are

## Completion/Publication

**Year of Completion:** 2003
**Date of 1st Publication:** October 17, 2005    **Nation of 1st Publication:** Germany
**International Standard Number:** ISRC    GBCEL0501294

## Author

- **Author:** Ulrich Schnauss, dba Musician
  **Author Created:** sound recording, performance, production

  **Citizen of:** Germany    **Domiciled in:** Germany
  **Year Born:** 1977

## Copyright claimant

**Copyright Claimant:** Domino Recording Company Inc, dba Recording Company
55 Washington Street, Suite 458, Brooklyn, NY, 11201
**Transfer Statement:** By written agreement

## Rights and Permissions

**Organization Name:** Domino Recording Company
**Name:** Clare McKinney
**Email:** clare@dominorecordco.com    **Telephone:** 44208-875-2572
**Address:** Unit 3 Delta Park
Smugglers Way
London, SW18 1EG United Kingdom

## Certification

Name: Clare McKinney
Date: January 28, 2009

Correspondence: Yes

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*
Register of Copyrights, United States of America

**Registration Number:**

SR 623-897

**Effective date of registration:**

May 11, 2009

## Title
**Title of Work:** A Strangely Isolated Place

## Completion/Publication
**Year of Completion:** 2003
**Date of 1st Publication:** June 1, 2003     **Nation of 1st Publication:** Germany
**International Standard Number:** ISRC     GBCEL0500716

## Author
- **Author:** Ulrich Schnauss, dba Musician
  **Author Created:** sound recording, performance, production

  **Citizen of:** Germany     **Domiciled in:** Germany
  **Year Born:** 1977

## Copyright claimant
**Copyright Claimant:** Domino Recording Company Inc, dba Recording Company
55 Washington Street, Suite 458, Brooklyn, NY, NY 11201, United States
**Transfer Statement:** By written agreement

## Rights and Permissions
**Organization Name:** Domino Recording Company
**Name:** Clare Ann McKinney
**Email:** clare@dominorecordco.com     **Telephone:** 44208-875-2572
**Address:** Unit 3 Delta Park
Smugglers Way
London,

## Certification

Name: Clare McKinney
Date: January 28, 2009

---

**Correspondence:** Yes

# CAPLAN & ROSS, LLP

Brian D. Caplan  
Jonathan J. Ross

100 PARK AVENUE, 18TH FLOOR  
NEW YORK, NEW YORK 10017  
TEL: 212.973.2376  
FAX: 212.661.4290  
www.caplanross.com

Nicole L. Mondschein †

OF COUNSEL  
Joseph Einstein

† Also admitted in Florida

Brian D. Caplan  
Direct: (212) 973-2377  
bcaplan@caplanross.com

February 26, 2009

**VIA CERTIFIED MAIL**  
**RETURN RECEIPT REQUESTED**

Rand Hoffman, Esq.  
Sr. Vice President – Business Affairs  
Geffen Records  
2220 Colorado Avenue  
Santa Monica, CA 90404

Re: **Domino Recording Company, Ltd. and Independiente Ltd. -w- Geffen Records; Unauthorized Uses of Ulrich Schnauss Recordings on the Guns N Roses Album entitled "Chinese Democracy"**

Dear Mr. Hoffman:

We are litigation counsel to Domino Recording Company, Ltd. and Independiente Ltd., who together own and control the worldwide rights and copyrights in and to the master recordings entitled "Wherever You Are" and "A Strangely Isolated Place" performed by recording artist Ulrich Schnauss (the "Original Recordings").

Please be advised that the recording entitled "Riad N' the Bedouins" by the recording artist Guns N' Roses (the "GNR Recording"), which is contained on the Album released by Geffen entitled "Chinese Democracy," includes portions of the Original Recordings. No permission or authorization has been obtained from any person on behalf of Domino or Independiente for these uses, and the past and continuing manufacture, reproduction and distribution of the GNR Recording, constitutes willful and intentional infringement of our clients' rights and copyrights in the Original Recordings.

  Accordingly, on behalf of our clients, demand is hereby made that you immediately cease and desist from the manufacture, reproduction and distribution of the GNR Recording and provide to the undersigned a full accounting of all monies earned to date by the GNR Recording, together with a substantive proposal: (i) to resolve the past unauthorized uses of the Original Recordings, and (ii) to address potential future exploitation of the GNR Recording.

  In the event we have not received confirmation of your compliance with the foregoing demands within two weeks of the date of this letter, we will have no choice but to advise our clients that formal proceedings against Geffen and all other infringing parties will be necessary in order to protect and enforce their rights.

  While I am hopeful that litigation will not be necessary and look forward to your prompt reply, I must advise that this letter is written without prejudice to all of our clients' rights and remedies, whether at law or in equity, all being hereby expressly reserved on their behalf.

            Sincerely,

            Brian D. Caplan

# CERTIFICATE OF SERVICE

Carletta F. Higginson, an attorney, hereby certifies and/or states on oath that on this 29th day of January, 2010 the preceding Declaration of Andrew H. Bart was served on behalf of Defendants Interscope Geffen A&M Records, a division of UMG Recordings, Inc. via this Court's Electronic Case Filing system on the following counsel of record:

> BRIAN D. CAPLAN, Esq.
> JONATHAN J. ROSS, Esq.
> Caplan & Ross, LLP
> 100 Park Avenue, 18th Floor
> New York, New York 10017

s/ Carletta F. Higginson
Carletta F. Higginson

30510.1